T.C. Memo. 2013-173

UNITED STATES TAX COURT

RICHARD E. WALBAUM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2362-12.                    Filed July 25, 2013.

Richard E. Walbaum, pro se.

Vanessa M. Hoppe and Priscilla A. Parrett, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge: The issues for decision, relating to 2007, are whether

petitioner is liable for a deficiency; a section 6651(f) addition to tax or,

**[\*2]** alternatively, a section 6663(a) penalty; sections 6651(a)(2) and 6654(a) additions to tax; and a section 6673 penalty.[1]

FINDINGS OF FACT

Petitioner did not file a 2006 Federal income tax return. In 2007, Ametek, Inc. (Ametek), and Google, Inc. (Google), paid petitioner $75,825 and $860 of nonemployee compensation, respectively. Each company sent petitioner and respondent a Form 1099-MISC, Miscellaneous Income. On August 25, 2009, respondent received petitioner's 2007 Form 1040, U.S. Individual Income Tax Return. Petitioner attached two "CORRECTED" Forms 1099-MISC, which stated that he received no compensation from Ametek and Google. Petitioner signed the Form 1040 and each "CORRECTED" Form 1099-MISC under penalties of perjury. In addition, petitioner claimed one exemption and inserted a zero on each line relating to "Income", "Adjusted Gross Income", "Other Taxes", "Payments", "Refund", and "Amount You Owe". Petitioner did not pay any Federal income tax relating to 2007.

In a letter to petitioner dated November 4, 2009, respondent asserted that petitioner's submission was frivolous and requested that he submit a corrected

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] return within 30 days.  Petitioner did not submit a corrected return.

Respondent, on August 30, 2011, prepared a substitute for return (SFR) and, on

November 7, 2011, sent petitioner a notice of deficiency relating to 2007.  In the

notice, respondent determined a deficiency relating to unreported income from

Ametek and Google; a section 6651(f) addition to tax for fraudulent failure to file

a tax return, or, alternatively, a section 6663(a) fraud penalty; a section 6651(a)(2)

addition to tax for failure to timely pay tax; and a section 6654(a) addition to tax

for failure to pay estimated tax.  On January 26, 2012, petitioner, while residing in

California, timely filed a petition with the Court.  At trial, on February 25, 2013,

respondent moved for the imposition of a section 6673 penalty.

## OPINION

Petitioner contends that he has no Federal income tax liability.[2]  Petitioner

readily admits, however, that during 2007 he worked for Ametek and Google and

received from these companies $75,825 and $860, respectively.  See

Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979) (holding

that the Commissioner's determination relating to unreported income is presumed

---

[2]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence relating to the issue.  See Rule 142(a).  Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

**[\*4]** correct where it is supported by a "minimal evidentiary foundation"), rev'g 67

T.C. 672 (1977).  Accordingly, $76,685 is includable in petitioner's gross income

and he was required to file a 2007 tax return.  See secs. 61(a), 6011(a), 6012(a).

Petitioner further contends that the Form 1040 he submitted constitutes a

return and that he cannot be held liable for a section 6651(f) addition to tax for

fraudulent failure to file a return.  Pursuant to Beard v. Commissioner, 82 T.C.

766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986), a document is a return[3] if the

document contains sufficient data to calculate a tax liability, the document

purports to be a return, the taxpayer made an honest and reasonable attempt to

satisfy the requirements of the tax law, and the taxpayer executed the document

under penalties of perjury.  Despite receiving income during 2007, petitioner

submitted a Form 1040 containing only zeros on relevant lines for computing his

---

[3]An appeal would lie to the Court of Appeals for the Ninth Circuit, and we follow decisions that are "squarely in point".  See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).  In United States v. Long, 618 F.2d 74, 76 (9th Cir. 1980), the Court of Appeals held that a Form 1040 containing "false or misleading figures" was a return for purposes of sec. 7203 (i.e., the criminal section for willful failure to file a tax return).  In Conforte v. Commissioner, 692 F.2d 587, 592 (9th Cir. 1982), aff'g in part, rev'g in part 74 T.C. 1160 (1980), the Court of Appeals held that a Form 1040 that did not include amounts or descriptions for gross income and deductions was a return for purposes of computing a civil fraud penalty.  Long and Conforte do not address what constitutes a return for purposes of sec. 6651.  Therefore, they are not "squarely in point".  See Golsen v. Commissioner, 54 T.C. at 757.

**[\*5]** tax liability. In addition, petitioner attached "CORRECTED" Forms 1099-MISC which indicated that he received no income and included meritless assertions. Accordingly, the Form 1040 petitioner submitted was not a return because he failed to make "an honest and reasonable attempt to satisfy the requirements of the Federal income tax law". See Beard v. Commissioner, 82 T.C. at 779; see also Cabirac v. Commissioner, 120 T.C. 163, 169 (2003) ("The majority of courts, including this Court, have held that, generally, a return that contains only zeros is not a valid return.").

Respondent has established that petitioner had an underpayment of tax and intended to evade tax. See sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 652-653 (1994) ("[T]o determine whether petitioners' failure to file * * * was fraudulent, we must consider the same elements as is done when considering * * * section 6663."). Petitioner submitted false tax forms (i.e., on which he reported no tax liability) with the intent to conceal, mislead, and prevent the collection of tax. See Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Clayton v. Commissioner, 102 T.C. at 653 (holding taxpayers liable for a section 6651(f) penalty where they submitted false forms and made "a flagrant effort" to conceal their tax liability); Petzoldt v.

[*6] Commissioner, 92 T.C. 661, 700-701 (1989). Accordingly, petitioner is liable for a section 6651(f) addition to tax.

Respondent determined that petitioner is liable, pursuant to sections 6651(a)(2) and 6654(a), for additions to tax for failure to timely pay tax and failure to pay estimated tax relating to 2007. Pursuant to section 7491(c), respondent bears, and has met, the burden of producing evidence that it is appropriate to impose these additions to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

The section 6651(a)(2) addition to tax applies only when an amount is shown on a return. See Cabirac v. Commissioner, 120 T.C. at 170. On the SFR, which was prepared in conformity with the requirements of section 6020(b), respondent calculated and reported a tax liability.[4] See sec. 6020(b). Petitioner's failure to timely pay tax was the result of willful neglect and not reasonable cause. See sec. 6651(a)(2). Accordingly, he is liable for this addition to tax. See sec. 6651(a)(2), (g)(2).

With respect to the section 6654(a) addition to tax, respondent established that petitioner was required, but failed, to make an annual payment pursuant to

---

[4]The Commissioner may prepare a substitute for return if a taxpayer fails to make a required return or makes a false or fraudulent return. See sec. 6020(b).

**[\*7]** section 6654(d)(1)(B).  <u>See</u> <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 210-213 (2006), <u>aff'd</u>, 521 F.3d 1289 (10th Cir. 2008).  Respondent produced a Form 3050, Certification of Lack of Record, and a certified transcript of petitioner's account indicating that petitioner did not file a 2006 tax return (i.e., relating to the preceding year).  In addition, respondent established, pursuant to the SFR, that petitioner had a 2007 tax liability.[5]  Petitioner does not meet the requirements of any exceptions to section 6654.  <u>See</u> sec. 6654(e).  Accordingly, he is liable for this addition to tax.  <u>See</u> sec. 6654(a).

Section 6673(a) authorizes this Court to impose a penalty of not more than $25,000 whenever it appears that a taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay.  We decline to impose this penalty, but admonish petitioner that he may be subject to it if he asserts frivolous or groundless contentions in a subsequent Court proceeding.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5]A substitute for return is prima facie valid and sufficient for all legal purposes.  <u>See</u> sec. 6020(b)(2).